tablished Matter in ClaimCenter NGLane 12/31/2018 11:48 AM
Case: 4.19-cv-00102-RWS  Doc. #: 1-1  Filed: 01/25/19  Page: 1 of 15 PageID #: 4
18AB-CC00258

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI

TABITHA HOLT, )
2905 State Route 7, )
Marietta, OH 45750, )
 )
and )
 )
CLYDE SUTHERLAND, )
314 41st Street, )
Vienna, WV 26105, )
 )
                                      ) Case No. _____
                Plaintiffs, ) Division No. _____
 )
v. )
 )
 ) **Plaintiffs demand a jury trial**
QUALIFIED TRUCKING SERVICE, INC., )
By and Through Shareholder Junfeng Zhou )
**SERVE:**    Junfeng Zhou, )
              1560 Otterbein Avenue, )
              SPC 162, )
              Rowland Heights, CA 91748, )
 )
                Defendant. )

## PETITION FOR DAMAGES FOR WRONGFUL DEATH

For their causes of action against Defendant Qualified Trucking Service, Inc., Plaintiffs Tabitha Holt and Clyde Sutherland state and allege as follows:

### Parties

1. Plaintiff Tabitha Holt ("Tabitha") is an individual who resides at 2905 State Route 7, Marietta, Ohio 45750 and is the natural surviving mother of Brandan Sutherland.

2. Plaintiff Clyde Sutherland ("Clyde") is an individual who resides at 314 41st Street, Vienna, West Virginia 26105 and is the natural surviving father of Brandan Sutherland.

**EXHIBIT 1**

{365718.DOCX }

3. Defendant Qualified Trucking Service, Inc. ("Qualified Trucking Service") was a corporation domiciled in California which filed a Certification of Dissolution with the California Secretary of State on April 9, 2018.

4. At the time of its dissolution, Junfeng Zhou was the Chief Executive Officer, Chief Financial Officer, Director, Secretary, Shareholder, and Registered Agent of Qualified Trucking Service.

5. Pursuant to California Corporations Code Section 211, a shareholder of a dissolved corporation may be sued in the corporate name.

6. Pursuant to California Corporations Code Section 211, summons or other process against a dissolved corporation may be served by delivering a copy thereof to an Officer, Director or person having charge of its assets, or to any agent upon whom process might be served at the time of dissolution.

7. At the time of its dissolution, Defendant Qualified Trucking Service's agent for service of process was Junfeng Zhou, located at 1560 Otterbein Avenue, SPC 162, Rowland Heights, California 91748.

## JURISDICTION

8. This Court has subject matter jurisdiction over this matter.

9. This Court has personal jurisdiction over Defendant Qualified Trucking Service because it conducts business in the State of Missouri, and its actions caused or contributed to cause the Subject Crash and the injuries to and death of Plaintiffs' decedent in Franklin County, Missouri.

{365718.DOCX }

## FACTS

10. On January 31, 2016, at approximately 7:10 p.m., William Weekley was driving a 2009 Ford Focus at highway speeds eastbound in the right lane of Interstate 44 in Franklin County Missouri.

11. At that time, Plaintiffs' son, Brandan Sutherland, decedent, was a passenger in the Weekley vehicle.

12. At approximately the same time and place, Lei Liu was driving a 2009 Volvo Conventional tractor-trailer ("the Qualified Trucking Service tractor-trailer"). eastbound on Interstate 44.

13. At all relevant times, the Qualified Trucking Service tractor-trailer was a vehicle with a gross vehicle weight rating in excess of 26,000 pounds.

14. Mr. Liu was attempting to merge into the eastbound lanes of Interstate 44 at a low rate of speed from a rest stop which was located in the median of Interstate 44 between the eastbound and westbound lanes.

15. Mr. Lui directed the Qualified Trucking Service tractor-trailer from the entrance lane into the left-hand lane of Interstate 44 while traveling at a low rate of speed.

16. While still traveling at a low rate of speed, Mr. Lui then directed the Qualified Trucking Service tractor-trailer from the left-hand lane into the right-hand lane directly in front of the Weekley vehicle.

17. Because of the disparity of speeds between the two vehicles, the Weekley vehicle was unable to avoid a collision with the slow-moving Qualified Trucking Service tractor-trailer which had failed to yield the right-away to the Weekley vehicle.

18. The Weekley vehicle became lodged under the rear of the Qualified Trucking Service tractor-trailer.

19. As a direct and proximate result of the collision, Plaintiffs' decedent, Brandan Sutherland, suffered serious and fatal injuries.

20. Prior to his death, Brandan Sutherland experienced conscious pain and suffering.

21. At all relevant times, Defendant Qualified Trucking Service controlled the use of the Qualified Trucking Service tractor-trailer operated by Defendant's driver Lei Liu.

22. At all relevant times, Defendant's driver Lei Liu was acting as an agent, servant, or employee of Defendant Qualified Trucking Service, and was acting in the ordinary course of employment for Defendant Qualified Trucking Service. As such, Defendant Qualified Trucking Service is vicariously liable for the negligence and recklessness of Defendant's driver Lei Liu under the principles of agency and *respondeat superior*.

23. At all relevant times, Defendant Qualified Trucking Service was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III, Subchapter B of Title 49 of the Federal Regulations.

24. Defendant Qualified Trucking Service's assigned USDOT number was 02513362.

25. At all relevant times, the Qualified Trucking Service tractor-trailer was a "commercial motor vehicle" under 49 C.F.R. § 390.5 and was operated under the motor carrier authority of Defendant Qualified Trucking Service.

26. At all relevant times, Defendant's driver Lei Liu operated the Qualified Trucking Service tractor-trailer with the knowledge, consent, and permission of Defendant Qualified Trucking Service.

27. At all relevant times, Defendant Qualified Trucking Service controlled or had the right to control the operation and use of the Qualified Trucking Service tractor-trailer.

28. At all relevant times, Defendant's driver Lei Liu was operating the Qualified Trucking Service tractor-trailer in interstate commerce.

29. At all relevant times, Defendant Qualified Trucking Service was engaged in the for-hire transportation of property in interstate commerce, and the Qualified Trucking Service tractor-trailer was engaged in the for-hire transportation of property in interstate commerce.

30. At all relevant times, Defendant Qualified Trucking Service, Inc. and the Qualified Trucking Service tractor-trailer were subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980.

## Lei Liu's Negligence and Negligence Per Se

31. Plaintiffs incorporate all previous paragraphs into this section.

32. Defendant's driver Lei Liu had a duty to exercise reasonable care in the operation of the Qualified Trucking Service tractor-trailer.

33. Defendant's driver Lei Liu had a duty to operate the Qualified Trucking Service tractor-trailer in a careful, prudent, and lawful manner.

34. Defendant's driver Lei Liu had a duty not to operate the Qualified Trucking Service tractor-trailer while his ability or alertness was so impaired—or so likely to become impaired—through fatigue, or any other cause, that it was unsafe for him to begin or continue to operate the commercial motor vehicle.

35. On January 31, 2016 Defendant's driver Lei Liu failed to exercise reasonable care in the operation of the Qualified Trucking Service tractor-trailer, and failed to operate the Qualified Trucking Service tractor-trailer in a careful, prudent and lawful manner, and was negligent and/or reckless in the operation of a motor vehicle in at least one of the following respects:

   a. In failing to keep a careful lookout;
   b. In failing to maintain control of the vehicle;
   c. In failing to maintain an awareness of the location of vehicles around him;
   d. In changing lanes without making sure that the lane is clear;
   e. In failing to signal his intention to change lanes;
   f. In slowing without adequate warning;
   g. In failing to yield the right-of-way to the vehicle operated by Mr. Weekley;
   h. In traveling on an Interstate Highway at a speed below the minimum required speed;
   i. In changing lanes without adequate warning;

j. In operating the vehicle in an impaired condition;

k. In failing to maintain an awareness of maneuvers available to him in the event of an emergency;

l. In using improper, deficient, inadequate or unsafe equipment;

m. In operating a vehicle in an unsafe condition;

n. In failing to conduct a proper pre-trip inspection; and

o. In failing to respond properly to inadequacies or deficiencies identified in a pre-trip inspection.

36. Defendant's driver Lei Liu was negligent per se in violating particular Missouri vehicle and traffic laws and regulations, including, but not limited to:

a. Section 304.012, which states that motorists must drive in a careful and prudent manner and exercise the highest degree of care when operating a motor vehicle on the roads and highways of the State of Missouri;

b. Section 300.200, which states that it is unlawful for the operator of any vehicle to fail or refuse to keep a vehicle within the boundaries of a marked traffic lane;

c. Section 304.820, which states that no person shall operate a commercial motor vehicle while using a hand-held mobile telephone, and that no person shall operate a commercial motor vehicle while using a wireless communications device to send, read, or write a text message or electronic message;

d. Section 304.011 which requires that no person shall operate a motor vehicle at a speed of less than forty miles per hour on any highway which is part of the interstate system of highways and that no person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic; and

  e. Section 304.015 which requires a vehicle in a marked three lane roadway to be driven as nearly as practicable within a single lane and not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

37. Defendant's driver Lei Liu was negligent per se in violating particular Federal Motor Carrier Safety Regulations, including, but not limited to:

  a. 49 C.F.R. § 383.111, which states that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

  b. 49 C.F.R. § 390.3, which states that every driver must comply with all applicable Federal Motor Carrier Safety Regulations;

  c. 49 C.F.R. § 391.11, which states that a person shall not drive a commercial motor vehicle unless he is qualified under the regulations, which, among other things require that he can, by reason of experience or training, safely operate the type of commercial motor vehicle he drives, and that he is physically qualified to drive a commercial motor vehicle;

  d. 49 C.F.R. § 392.2, which states that a commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated;

  e. 49 C.F.R. § 392.3, which states that no driver shall operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

    f. 49 C.F.R. § 392.80, which states that no driver shall engage in texting while driving;

    g. 49 C.F.R. § 392.82, which states that no driver shall use a hand-held mobile telephone while driving;

    h. 49 C.F.R. § 396.7, which states that a motor vehicle in such a condition as to likely cause an accident must not be operated; and

    i. 49 C.F.R. § 396.13, which states that before driving a motor vehicle, the driver must review the last driver vehicle inspection report and be satisfied that the motor vehicle is in safe operating condition.

38. The State of Missouri and the federal government promulgated, designed and intended these laws and regulations to protect a class of people that included Plaintiffs' decedent, Brandan Sutherland.

39. The State of Missouri and the federal government promulgated, designed and intended these laws and regulations to prevent the injuries suffered by Plaintiffs' decedent, Brandan Sutherland.

40. Defendant's driver Lei Liu's violation of the Missouri laws and federal regulations caused or contributed to cause the injuries and death of Plaintiffs' decedent, Brandan Sutherland.

41. Defendant's driver Lei Liu's actions and omissions as set forth above were negligent and directly caused and/or directly contributed to cause the subject crash and the injuries and death of Brandan Sutherland.

## Defendant Qualified Trucking Service's Negligence and Negligence Per Se

42. Plaintiffs incorporate all previous paragraphs into this section.

43. Defendant Qualified Trucking Service is vicariously liable for Lei Liu's negligence, recklessness and violations of common law and regulatory and statutory requirements.

44. Independent of its vicarious liability, Defendant Qualified Trucking Service had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other employees, including Lei Liu.

45. Independent of its vicarious liability, Defendant Qualified Trucking Service had a duty to exercise reasonable care in entrusting his vehicles and equipment—and any and all vehicles and equipment under its control—to responsible, competent and qualified drivers.

46. Defendant Qualified Trucking Service failed to exercise reasonable care in meeting its duties in at least the following respects:

   a. In permitting Lei Liu to operate a commercial motor vehicle when he was not qualified to do so;

   b. In failing to adequately train, instruct, supervise and monitor Lei Liu concerning the safe operation of a tractor-trailer;

   c. In failing to adequately train, instruct, supervise and monitor Lei Liu regarding keeping a proper lookout, night-driving, proper lane-changing techniques, proper mirror usage; proper pre-trip inspections, the relationships between speed, visibility and reaction time, anticipating hazards, and the dangers of distracted and drowsy driving;

   d. In failing to adequately train, instruct, supervise and monitor Lei Liu regarding proper procedures and protocols to anticipate and to be followed in the event of an emergency;

    e. In failing to train, instruct, supervise and monitor Lei Liu to make sure he was not too fatigued or ill, or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle; and

    f. In permitting Lei Liu to operate a commercial motor vehicle when he was too fatigued or ill, or likely to become too fatigued or ill, to safely operate the commercial motor vehicle.

47. Defendant Qualified Trucking Service was negligent per se in violating particular federal regulations, including, but not limited to:

    a. 49 C.F.R. § 383.111, which states that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

    b. 49 C.F.R. § 391.11, which states that a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle;

    c. 49 C.F.R. § 390.3, which states that every employer of drivers must be knowledgeable of and comply with all regulations contained in the Federal Motor Carrier Safety Regulations that are applicable to its operations, and which states that every driver and employee of a motor carrier must be instructed regarding all applicable federal motor carrier safety regulations;

    d. 49 C.F.R. § 392.3, which states that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

  e. In failing to train, instruct, supervise and monitor Lei Liu to make sure he was not too fatigued or ill, or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle; and

  f. In permitting Lei Liu to operate a commercial motor vehicle when he was too fatigued or ill, or likely to become too fatigued or ill, to safely operate the commercial motor vehicle.

47. Defendant Qualified Trucking Service was negligent per se in violating particular federal regulations, including, but not limited to:

  a. 49 C.F.R. § 383.111, which states that all commercial motor vehicle operators have knowledge of the following areas: procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

  b. 49 C.F.R. § 391.11, which states that a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle;

  c. 49 C.F.R. § 390.3, which states that every employer of drivers must be knowledgeable of and comply with all regulations contained in the Federal Motor Carrier Safety Regulations that are applicable to its operations, and which states that every driver and employee of a motor carrier must be instructed regarding all applicable federal motor carrier safety regulations;

  d. 49 C.F.R. § 392.3, which states that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

e. 49 C.F.R. § 392.80, which states that no motor carrier shall allow or require its drivers to engage in texting while driving;

f. 49 C.F.R. § 392.82, which states that no motor carrier shall allow or require its drivers to use a hand-held mobile telephone while driving a commercial motor vehicle;

g. 49 C.F.R. § 396.3, which states that every motor carrier must systematically inspect, repair, and maintain all motor vehicles subject to its control, and that parts and accessories must be in safe and proper operating condition at all times;

h. 49 C.F.R. § 396.7, which states that a motor vehicle must not be operated in such a condition as to likely cause an accident of the vehicle; and

i. 49 C.F.R. § 396.17, which states that it is the responsibility of the motor carrier to ensure that all parts and accessories on its commercial motor vehicles are maintained at standards set out in that subchapter.

48. These regulations were designed and intended to protect a class of people that included Brandan Sutherland.

49. These regulations were designed and intended to prevent the injuries and death suffered by Brandan Sutherland.

50. Defendant Qualified Trucking Service's violation of the federal regulations proximately caused the injuries and death suffered by Brandan Sutherland.

51. Defendant Qualified Trucking Service's actions and omissions as set forth above were negligent and directly caused and/or directly contributed to cause the subject crash.

## Wrongful Death Pursuant to Missouri Revised Statutes 537.080 et seq.

COME NOW Plaintiffs and for their cause of action against Defendant for the wrongful death of Brandan Sutherland states and alleges as follows:

52. Plaintiffs incorporate all previous paragraphs into this section.

53. Plaintiffs bring this action pursuant to §537.080, RSMo., *et seq.* Plaintiffs are members of the class of individuals authorized to pursue a wrongful death claim pursuant to §537.080, RSMo.

54. There are no other persons entitled to bring this wrongful death action.

55. By reason of the foregoing premises, Plaintiffs have been damaged and are entitled to recover fair and just damages under §537.090, RSMo. for the pecuniary losses suffered by reason of the death of Brandan Sutherland, funeral and burial expenses, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training and support they have been deprived of by reason of such death, together with any medical expenses and other damages Brandan Sutherland may have suffered between the time of injury and death as provided therein.

56. The acts and/or omissions of Defendant as alleged above directly and proximately contributed to cause Brandan Sutherland to sustain serious physical injuries and death, and directly and proximately caused Plaintiffs to suffer the following injuries and damages:

   a. Physical injuries and mental anguish suffered by Brandan Sutherland from the point in time he was injured and his actual death;

b. Pecuniary loss sustained in the past and that in reasonable probability will be sustained in the future. These losses include but are not limited to the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value;

c. Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future. These losses include but are not limited to the loss of positive benefits flowing from the love, comfort, companionship, and society the Plaintiffs would have received from Brandan Sutherland had he lived; and

d. Mental anguish suffered in the past and in reasonable probability will be suffered in the future. These losses include the emotional pain, torment, and suffering experienced by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant, for such damages that a jury determines to be fair and reasonable, for both actual and aggravating circumstances damages, together with costs, post-judgment interest, and for such other and further relief as the Court deems just and proper.

### Jury Trial Demand

57. Plaintiffs demand a jury trial on all issues.

DOLLAR, BURNS & BECKER, LC

/s/ Tim Dollar
Tim E. Dollar          MO # 33123
Tim Becker             MO # 38952
JJ Burns               MO # 64758
DOLLAR, BURNS & BECKER, LC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
(816) 876-2600; (816) 221-8763 (Fax)
timd@dollar-law.com
timb@dollaw-law.com
jjb@dollar-law.com
ATTORNEYS FOR PLAINTIFFS