UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TABITHA HOLT and <br> CLYDE SUTHERLAND, <br><br> Plaintiffs, <br><br> v. <br><br> QUALIFIED TRUCKING <br> SERVICE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:19 CV 102 RWS <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Plaintiffs Tabitha Holt and Clyde Sutherland's son was killed in a motor vehicle accident involving a commercial motor vehicle owned by Defendant Qualified Trucking Service Trucking, Inc.  Plaintiffs brought this suit alleging negligence claims against Qualified.  Qualified moved for summary judgment on the grounds that Plaintiffs have failed to present sufficient evidence to support a finding of proximate cause as to Qualified's liability for the accident.  Plaintiffs oppose the motion.  Because Plaintiffs have presented sufficient evidence to support their negligence claims I will deny Qualified's motion.

### *Background*

On the evening of January 31, 2016, Qualified's employee Lei Liu[1] was operating Qualified's tractor-trailer eastbound on Interstate 44 in Franklin County,

---
[1] Liu's name has also been spelled Lui in Defendant's motion papers.

Missouri.  Liu pulled into a rest stop that exited and entered the highway from the left-hand passing lane.  After approximately five minutes Liu exited the rest area using the merge ramp.  That ramp was designed to have traffic leaving the rest stop merge onto the highway in the left-hand passing lane of Interstate 44.  As he entered the ramp Liu turned on his right-hand turn signal.  Liu checked his side mirror and saw a lot of cars in the left lane in which he was to merge and saw no clear opportunity to merge safely.  In response Liu brought his tractor-trailer to a complete stop almost at the end of the merge ramp.  Liu turned on his four-way emergency flashers and remained stopped in the at the end of the merge lane for approximately five seconds.  Then Liu turned on his right-hand turn signal again which deactivated his four-way emergency flashers.  When traffic in the left lane cleared Liu merged into the left lane.  Once his tractor-trailer was completely in the left lane Liu reactivated his emergency flashers.  Liu remained in the left lane for one or two seconds then turned on his right-hand turn signal to merge into the right lane.  Liu looked in his right-hand mirror and saw that there were no other vehicles approaching his rear in that lane.  Liu merged into the right-hand lane and straightened his truck out in the lane.  Liu was travelling at approximately 20 miles per hour on the highway at the time he merged into the right lane.  Liu proceeded eastbound with his four-way flashers activated.  He traveled eastbound for approximately 30 seconds before he felt an impact in the rear of his vehicle.  Liu's vehicle had been struck from behind by 2009 Ford Focus driven by William

Weekley.  Plaintiffs' son Brandon Sutherland was a passenger in Weekley's vehicle.  Tragically, both Weekley and Sutherland suffered fatal injuries in the crash.  Liu's tractor-trailer was travelling at approximately 30 miles per hour at the time of the collision.  Weekley's vehicle was allegedly traveling at highway speeds.

Plaintiffs filed this lawsuit in state court alleging claims for negligence, negligence per se, and wrongful death.  Plaintiffs claim that the manner Liu entered the highway from the rest stop and his slow speed in the driving lanes of the highway was the proximate cause of the accident.[2]  Qualified removed the case to this Court.  Qualified filed a motion for summary judgment asserting that Plaintiffs have failed to present sufficient evidence to support the proximate cause element of their negligence claims.  Plaintiffs oppose the motion asserting that their evidence meets the proximate cause requirement entitling them to a jury trial.

## *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>Lynn v. Deaconess Medical Center</u>, 160 F.3d 484, 486 (8th Cir. 1998)(citing

---

[2] Plaintiffs also assert multiple allegations about Qualified's trucking operations including the hiring of Liu as a driver.  Those allegations are not at issue in the present motion.

Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Qualified's summary judgment motion challenges the legal sufficiency of Plaintiffs' evidence to establish Liu's actions were the proximate cause of the accident.  "In a negligence action, the plaintiff must demonstrate (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the defendant's breach was the cause-in-fact and proximate cause of the plaintiff's injury."  Savage v. Dittrich, 589 S.W.3d 628, 632 (Mo. Ct. App. 2019). "Actionable negligence requires a 'causal connection' between the

4

defendant's conduct and the plaintiff's injury. It is not enough that an injury merely follows negligence, as the plaintiff must show the negligence is the proximate cause of the injury." Id. (cleaned up).

"To establish a claim of negligence per se, the plaintiff must plead the following four elements: (1) the defendant violated a statute or regulation; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or regulation; (3) the injury complained of was of the kind the statute or regulation was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury." Dibrill v. Normandy Assocs., Inc., 383 S.W.3d 77, 84–85 (Mo. Ct. App. 2012).

Qualified challenges the proximate cause element of these negligence claims. "Whether proximate cause exists is usually a jury question; however, a court properly interposes its judgment in this determination when the evidence reveals the existence of an intervening cause that eclipses the role the defendant's conduct played in the plaintiff's injury.'" Rayman v. Abbott Ambulance, Inc., 546 S.W.3d 12, 18 (Mo. Ct. App. 2018) (quoting Heffernan v. Reinhold, 73 S.W.3d 659, 664 (Mo. Ct. App. 2002). See also Wilmes v. Consumers Oil Co. of Maryville, 473 S.W.3d 705, 724 (Mo. App. W.D. 2015) (proximate cause a jury question). Morover, if the evidence connecting an injury to defendant's negligence is only based on mere conjecture and speculation the question of

5

proximate cause becomes a question of law for the trial court.  <u>Meyer v. City of Walnut Grove</u>, 505 S.W.3d 331, 336 (Mo. Ct. App. 2016).

"The general test for proximate cause is whether the claimed injury is the natural and probable consequence of the defendant's alleged negligence."  <u>Nail v. Husch Blackwell Sanders</u>, LLP, 436 S.W.3d 556, 563 (Mo. banc 2014).  The proximate cause inquiry examines "the scope of foreseeable risk created by the defendant's act or omission."  <u>Id.</u>  "In this context, foreseeability refers to whether a defendant could have anticipated a particular chain of events that resulted in injury or the scope of the risk that the defendant should have foreseen."  <u>Brown v. Davis</u>, 813 F.3d 1130, 1138 (8th Cir. 2016) (internal quotations and citation omitted).  The test for proximate cause "is not whether a reasonably prudent person would have foreseen the *particular* injury, but whether, after the occurrences, the injury appears to be the reasonable and probable consequence of the act or omission of the defendant.  It is only necessary that the party charged knew or should have known there was an appreciable chance some injury would result."  <u>Wilmes</u>, 473 S.W.3d at 722 (cleaned up) (emphasis added).

Qualified argues that Plaintiffs' evidence fails to establish that Liu's actions were the probable cause of the ensuing accident.  In opposition to Qualified's motion and in support of their claims Plaintiffs highlight several facts which are undisputed.  The events leading up to the accident were initiated when Liu failed

6

to use the on-ramp to get up to speed to enter the highway from the rest stop. Liu came to a complete stop at the end of the on-ramp which placed him in the precarious position of merging into the passing lane of the highway without any headway. After a brief period of travel in the left lane Liu moved over into the right lane traveling approximately 20 mile per hour. Approximately 30 seconds later Liu's tractor-trailer was struck in the rear by Weekley's vehicle. At that point Liu was traveling at approximately 30 miles per hour. The speed limit on the highway was 70 miles per hour with a minimum permitted speed of 40 miles per hour.

Plaintiffs' liability expert Phillip Smith opined that Liu erred by stopping at the end of the on-ramp which would cause him to eventually merge into traffic lanes at a speed substantially slower than normal. Smith opined that Liu should have instead continued to accelerate using the highway's left-hand shoulder if he thought the flow of traffic prevented him from merging into the left traffic lane. Smith also opines that when Liu merged into the right lane at 20 miles per hour he should have continued to the right until he was driving on the shoulder of the right lane in order to get up to at least the minimal highway speed before merging back into the right-hand lane of travel. Smith also referred to the elevated danger when Liu's tractor-trailer entered the highway at such a slow speed at night [Doc. # 32, Ex. B at 81] and that the closing rate between a slow moving truck and a car

7

approaching from the rear at highway speeds would be harder to gage for the driver of the car at night. [Doc. # 32, Ex. 1, Ex. A, Suppl. Rprt at 11] Smith stated that the decedents would have been much more likely to survive the accident if Liu's vehicle had been going 40 miles per hour or faster. [Doc. # 32, Ex. B at 93] In addition, there is evidence in the record that some reflective tape on the back of the tractor-trailer was missing or painted over which would have reduced the visibility of the vehicle at night. [Doc. # 32, Ex. A at 141-144 and Doc. # 32 Ex. B at 116] Smith ultimately opined that Liu's errors caused or contributed to the accident.

I find that this evidence is sufficient to establish the proximate cause element of Plaintiffs' claims beyond mere conjecture or speculation. As a result, it is up to the jury to resolve whether the claimed injury was foreseeable and was the natural and probable consequence of the Liu's actions leading up to the accident. Qualified also questions the assumptions of Plaintiffs' expert and his conclusions but those contentions are issues to be resolved by the trier of fact.[3]

Accordingly,

---

[3] Plaintiff's expert Smith opined that Liu should have used the left or right shoulder of the road to accelerate up to the minimum highway speed before merging into the travel lanes. In its reply brief Qualified asserts that using the shoulder for that purpose would violate Missouri law. However, the law and cases cited by Qualified do not support such a strict proposition. Qualified itself acknowledges a common sense exception allows a driver to pull onto the shoulder of the road and stop for emergency situations. These vehicles could then resume their journey by accelerating down the shoulder to get up to a minimum speed before merging back into the driving lanes of the highway instead of merging into the driving lane immediately. A jury could determine that the circumstances encountered by Liu would permit him to use the shoulder of the road to avoid driving on the highway at night below the minimum highway speed limit.

**IT IS HEREBY ORDERED that** Defendant Qualified Trucking Service' Inc.'s motion for summary judgment [23] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2020.