UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TABITHA HOLT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00102 MTS |
| ) | |
| QUALIFIED TRUCKING SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant's retained expert in this case, Frederick Semke, along with Semke Forensic, Inc., (collectively hereinafter, "Semke") seek a protective order pursuant to Fed. R. Civ. P. 26(c). Semke asks that the Court enter a protective order restricting the dissemination of pages 45–46, 54–77, and 321 of Mr. Semke's deposition transcript and requiring that filings containing information from those pages be sealed. Since Semke has moved for the protective order, he has the burden to demonstrate good cause for its issuance. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999); *see* Fed. R. Civ. P. 26(c). Because he has not shown "good cause," the Court will deny his request.

Frederick Semke is an owner of Semke Forensic, Inc., "which provides forensic engineering, computer forensic, and technical consulting services to legal, insurance, and corporate clients throughout the United States and abroad." Doc. [47-3]. Defendant in this case hired Semke as its accident reconstruction expert. Plaintiff deposed Mr. Semke and asked him about a separate suit involving Semke from the United States District Court for the Northern District of Illinois. In that suit, a former employee of Semke Forensic, whom Semke describes as "disgruntled," alleged that Semke terminated him after the employee, over Semke's objection,

sought to inform a client of a potential defect. The complaint in that case also alleged that Semke Forensic intentionally failed to be objective and truthful in professional reports, statements, and testimony.

Throughout the deposition here, Mr. Semke repeatedly and ardently denied the allegations from that case. Though he continued to testify about the case and answer Plaintiffs'[1] counsel's questions, Mr. Semke remarked several times that a settlement agreement in that case might limit what he may reveal. Mr. Semke later reviewed the settlement agreement from the lawsuit and found a confidentiality provision that he asserts prohibits him from discussing the suit or facts related to it unless required to do so by law. Consequently, he has requested that the Court enter a protective order over the relevant portion of the deposition "in order to protect [him] from annoyance, embarrassment, oppression, and undue burden or expense under Rule 26(c)."[2] Doc. [47-3].

Semke accurately quotes Rule 26(c). The Court, for good cause, may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" But Semke does not articulate from what his desired order will protect him. Perhaps he means that, absent a protective order, he will face the entire list of harms. At any rate, he does not sufficiently explain how. *See Heller v. HRB Tax Grp., Inc.*, 287 F.R.D. 483, 485 (E.D. Mo. 2012) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) ("In order to make the

---

[1] For clarity, this Order refers to "Plaintiffs' counsel" because at the time of this deposition, counsel for Plaintiff Tabitha Holt also represented Plaintiff Clyde Sutherland. Further, briefing on this Motion was completed prior to the Court allowing counsel to withdraw as Mr. Sutherland's attorney. *See* Doc. [64].

[2] Semke also requests that he be compelled to testify regarding the lawsuit *nunc pro tunc*. Doc. [47-3]. Plaintiff "has no objection to that specific part of Semke's Motion," Doc. [57], and the Court will grant it. *See, e.g.*, *Slainte Invs. Ltd. P'ship v. Jeffrey*, No. 3:14-cv-1750 CSH, 2015 WL 1445331, at *6 n.7 (D. Conn. Mar. 30, 2015) (granting motion regarding deposition testimony *nunc pro tunc*). Since this Order requires Semke to answer *nunc pro tunc*, by Semke's own argument, the confidentiality provision does not apply and leaves justification for a protective order wanting.

requisite showing of good cause, the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements.'")).

Semke is participating in this case willfully and commercially. He voluntarily answered questions asked to him in the deposition and was neither badgered nor duped.[3] Much of the information discussed did not exceed what already is publicly available through the docket of the previous case at issue. Further, that case, and the questions from the deposition at issue, directly relate to Semke's work and his credibility. It was quite foreseeable and appropriate for Plaintiffs' counsel to ask Semke about the lawsuit. Semke has not provided a particular and specific demonstration of fact to show how annoyance, embarrassment, oppression, undue burden, or expense will befall him if the Court does not order his testimony sealed.

Accordingly,

**IT IS HEREBY ORDERED** *nunc pro tunc* that Frederick Semke must testify in his deposition regarding the lawsuit at issue.

**IT IS FURTHER ORDERED** that Frederick Semke and Semke Forensic, Inc.'s Motion for Protective Order, Doc. [47-2], is **DENIED**.

Dated this 24th day of November 2020.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] At one point, Plaintiffs' counsel said to Mr. Semke, "[i]f you want to take a break[, ] you can go review the settlement documents, we can take a break and come back and you can answer questions pursuant to what you're allowed to do and what you're not allowed to do." Doc. [47-1] at (71:1–5). Prior to that, Plaintiffs' counsel said to Mr. Semke "sir, if you were a party to [an] agreement, I certainly don't know the terms of any such agreement. I'm just asking you questions based upon documents that are available publicly and you can answer however you see fit." *Id.* at (61:13–17). Further, it is worth noting that Mr. Semke has been deposed many times; deposition procedures are known to him.