UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TABITHA HOLT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00102-MTS |
| ) | |
| QUALIFIED TRUCKING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff Clyde Sutherland's Motion in Support of Federal Rule of Evidence 706, Doc. [107].  Plaintiff Sutherland, invoking Federal Rule of Evidence 706, seeks to have this Court appoint Special Agents of the Federal Bureau of Investigation to investigate the automobile crash that claimed the life of his son, Brandan Ray Sutherland, and that is at the center of this suit.  The Motion has been briefed and is ready for adjudication.  For the reasons stated herein, the Court will deny the Motion.

Rule 706 of the Federal Rules of Evidence "authorizes the Court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties, in such proportion as the Court directs."  *Houston v. Corizon Health Care*, No. 4:20-cv-00291-JAR, 2021 WL 168747, at *1 (E.D. Mo. Jan. 19, 2021).  Courts have wide discretion in determining whether a Rule 706 appointment is warranted.  *Id.*  Courts generally will not appoint an expert in the absence of compelling circumstances, since "[t]he appointment of experts under Rule 706 . . . should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  *Malady v. Corizon*, No. 1:13-cv-80-SNLJ, 2013 WL 5835995, at *1 (E.D. Mo. Oct. 30, 2013); *see also Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) ("Though

[Rule 706] permits the district court to appoint a medical expert, courts rarely exercise this power."); *Toney v. Hakala*, 556 F. App'x 570, 571 (8th Cir. 2014) (emphasizing that courts should appoint an expert witness "only under compelling circumstances" (quoting *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (en banc))).  Finally, the purpose of Rule 706 is "'to aid the Court,' and not for the benefit of one of the parties." *Rueben v. United States*, No. 2:13-cv-33-DPM-JTK, 2014 WL 5460574, at *3 (E.D. Ark. Oct. 27, 2014) (citing *Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008)).

Here, the Court finds that the ordinary adversary process will suffice.  Mr. Sutherland previously was represented by counsel.  The other Plaintiff, Ms. Holt, remains represented by counsel, and Defendant also is represented by counsel.  All had the ability to retain experts to use at trial, and indeed, Mr. Sutherland, through his previous counsel, has designated an expert witness.  *See* Doc. [18].  While the varying reports on the collision issued by the Missouri State Highway Patrol in this case, see Docs. [89] [92] [93], make this case unique in that regard, the Court does not view that as a compelling circumstance to appoint yet another expert.  The parties still have their expert witnesses and can examine and cross-examine any relevant and material witnesses from the Missouri State Highway Patrol to the extent the parties see fit.  Considering the claims and record before the Court, this case does not present the compelling circumstances that justify the Court's appointment of an expert witness. *See Ashley v. McKinney*, No. 4:19-cv-00309-MTS, 2021 WL 1198066, at *5 (E.D. Mo. Mar. 29, 2021).

Accordingly,

- 3 -

**IT IS HEREBY ORDERED** that Plaintiff Clyde Sutherland's Motion in Support of Federal Rule of Evidence 706, Doc. [107], is **DENIED**.

Dated this 11th day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE